IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re: | No. 21-10092 |
| BRETT S. ROBERTS AND BRITT D. ROBERTS, | MOTION FOR RELIEF FROM STAY OF RAHUL AND BRANDI GREWAL |
| Debtors. | |

Rahul and Brandi Grewal, creditors of Debtors Brett and Britt Roberts, seek relief from the automatic stay. The Movants desire to continue with litigation that had been commenced against the Debtors and others prepetition, liquidate their claim against the Debtors, and enforce any money judgment obtained against all parties liable in that litigation provided that no enforcement be had against property of this bankruptcy estate.

This Motion is supported by the accompanying Declaration of Brandi Grewal. A proposed order is attached.

---

[1] This case is currently in Chapter 13. The Debtors have filed a motion to voluntarily convert the case to Chapter 11, setting a hearing date of April 7, 2021. The movants support this motion and expect it to be granted. They are noting this motion on the Chapter 11 calendar, assuming entry of a conversion order prior to the hearing date.

MOTION FOR RELIEF FROM STAY - Page 1 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

## A. FACTUAL BASIS FOR MOTION.

On March 6, 2020, Rahul Grewal and Brandi Grewal filed a lawsuit in King County Superior Court against the Debtors individually, their closely held entity Roberts Custom Homes, LLC ("RCH"), and RCH's bonding company Western Surety Company, *Rahul Grewal and Brandi Grewal v. Roberts Custom Homes, LLC, et al.,* No. 20-2-05863-7 SEA (the "State Court Suit"). A copy of the Complaint is attached as Exhibit A to Ms. Grewal's Declaration.

Based on the most recent state-court order on the trial schedule in the State Court Suit, trial is currently set for November 1, 2021. Deadlines under that order are approaching. Grewal Declaration Exhibit B.

On January 18, 2021, Mr. and Ms. Roberts filed their petition for relief in Chapter 13, thus staying the State Court Suit at least as to them personally. A notice of bankruptcy stay was docketed in the State Court Suit on February 16, 2021. There have been no filings in the Lawsuit since.

The Grewals' claims in the State Court Suit are based on a contract for construction services entered into between the Grewals and RCH in 2017. The Complaint generally alleges that RCH breached that contract, and that the Roberts are individually liable based on claims for conversation, fraud, and violation of the Washington's Consumer Protection Act. Further, as RCH filed a mechanic's lien against the Grewals' home despite having failed to complete the construction in breach of its agreement, the Grewals have advanced claims related to a frivolous lien claim.

The State Court Suit seeks money damages against all defendants as well as a declaratory judgment releasing the lien from the Grewals' home.

## B. THE GREWALS ARE ENTITLED TO RELIEF FROM STAY UNDER § 362(d)(1).

In a motion seeking relief from stay for "cause" under § 362(d)(1), the debtor has the burden of proof on all issues. 11 USC § 362(g); *In re Sun Valley Ranches, Inc.*, 823 F.2d 1373 (9th Cir. 1987).

MOTION FOR RELIEF FROM STAY - Page 2 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Section 362(d)(1) of the Bankruptcy Code directs the Court to grant relief from the automatic stay upon a showing of cause. Although the term "cause" is not defined in the Code, courts within the Ninth Circuit have frequently recognized the appropriateness of granting relief from the automatic stay under § 362(d) to permit pending litigation to be concluded in another forum.

In *In re Curtis*, 40 B.R. 795 (Bankr. D.Utah 1984), the court identified 12 factors (the "Curtis Factors") to be weighed by the bankruptcy court in determining whether to lift the stay to permit pending litigation to continue in another court.[2] Not all twelve *Curtis* Factors are relevant in every

---

[2] The twelve Curtis Factors are: (1) whether the relief will result in a partial or complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (3) whether the foreign proceeding involves the debtor as a fiduciary; (4) whether a specialized fiduciary tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (6) whether an action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question; (7) whether the litigation in another forum would prejudice the interests of the other creditors, the creditors' committee and other interested parties; (8) whether the judgment claim arising from the foreign action is subject to equitable subordination under §510(c); (9) whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under §522(f); (10) the interest of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) the impact of the stay on the parties and the "balance of hurt." 40 B.R. at 799-800. These factors have since been adopted by the Second Circuit and courts in several other circuits. *In re Plumberex*, 311 B.R. 551, 559 (Bankr. C.D.Cal. 2004). Although the Ninth Circuit in *In re Tucson Estates*, 912 F.2nd 1162 (9th Cir. 1990) adopted twelve similar factors for determining whether permissive abstention is appropriate with respect to state law claims, it does not seem to have formally adopted the *Curtis* Factors, or any other specific list of factors to consider in deciding whether to lift the stay to permit pending litigation to proceed in a non-bankruptcy forum. *Id.* In *In re Kronemeyer,* 405 B.R. 915 (9th Cir. BAP 2009), this Circuit's Bankruptcy Appellate Panel found the *Curtis* Factors to be the appropriate way to analyze a request to lift the stay to pursue litigation in another forum.

MOTION FOR RELIEF FROM STAY - Page 3 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 21-10092-TWD    Doc 53    Filed 03/22/21    Ent. 03/22/21 13:16:51    Pg. 3 of 7

case, *In re Sonnax Industries, Inc.* 907 F.2d 1280, 1286 (2nd Cir. 1990), nor is a court required to give each factor equal weight. *In re Burger Boys, Inc.,* 183 B.R. 682, 688 (S.D.N.Y. 1994).

The *Curtis* Factors most applicable to this case are: (1) whether the relief will result in a complete resolution of the issues; (2) the lack of any connection with or interference with the bankruptcy case; (5) whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation; (7) whether the litigation in the other forum would prejudice the interests of other creditors and other interested parties; (10) the interests of judicial economy and the expeditious and economical determination of litigation for the parties; (11) whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and (12) the impact of the stay on the parties and the "balance of hurt." All of these relevant factors favor lifting the automatic stay. There are no applicable factors that would support denial of this motion.

**1. Relief from stay will resolve all issues.**

By continuing and completing litigation in state court, the Grewals will resolve their claims not only against the Debtors, but also against the non-debtor company RCH and its bonding company. Allowing the State Court Suit to proceed will result in complete resolution of all issues raised against all parties in state court with respect to a single set of facts, including the liquidation of the amount of the Grewals' claim against the Debtors in this bankruptcy case.

Further, in order to try all of its claims in a single forum, the Grewals need to litigate against third parties who arguably are not subject to the jurisdiction of the U.S. Bankruptcy Court.

MOTION FOR RELIEF FROM STAY - Page 4 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 21-10092-TWD    Doc 53    Filed 03/22/21    Ent. 03/22/21 13:16:51    Pg. 4 of 7

**2. There is minimal connection between the Lawsuit and this bankruptcy case; what connection there is benefits administration of the case.**

The Grewals will need to liquidate their claim in order to share in the distribution in this bankruptcy case. The Debtor has listed the claim as amount unknown, and contingent, unliquidated, and disputed. Other than that connection, the State Court Suit is unconnected to this bankruptcy case. The claims against the Debtor's company and the bonding company are unrelated to administration of this bankruptcy case.

**3. There is insurance related to the claim.**

An insurance company is defending some or all of the claims raised in the State Court Suit. While it is uncertain whether the insurer has "assumed full financial responsibility" related to the defense, the existence of at least some coverage weighs in favor of granting relief from stay.

**4. Resolution of the claims should not prejudice the interest of other creditors.**

Other than liquidating the claim amount, thus reducing the pro rata distribution to other creditors—an event that has to happen in order to determine the appropriate distribution on other unsecured claims—resolution of the Movants' claims in state court should not have any negative effect on creditors in this case.

**5. The best interests of the litigants are served by allowing the Lawsuit to proceed.**

By allowing the claims to proceed, the claims will be litigated and resolved, resulting in finality not only for the Movants and the Debtors but also for the additional defendants. All of the issues raised in the State Court Suit are issues of state law and are properly considered by a state court judge.

MOTION FOR RELIEF FROM STAY - Page 5 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 21-10092-TWD    Doc 53    Filed 03/22/21    Ent. 03/22/21 13:16:51    Pg. 5 of 7

**6. The case is proceeding toward trial.**

This "Curtis" factor asks whether the action has progressed to the point that the parties are prepared for trial. While the parties are not fully prepared, the litigation has been pending for about one year, so there has been some preparation towards trial.

**7. The "balance of hurt" is on the side of the Movants.**

Delay resulting from the bankruptcy stay harms the Movants, who are entitled to litigate their claims to completion. Third parties related to the Debtors are not entitled to the benefit of the stay, yet the Debtors' filing has the practical effect of stalling the entire litigation. In particular, the existence of a mechanic's lien on title to the Grewals' property has prevented the Movants from refinancing their home. They are being harmed daily by the ongoing stay.

The ongoing stay is not serving to benefit the Debtors or the bankruptcy estate. Delay does not enhance the Debtors' reorganization efforts. It just postpones the inevitable need to resolve the disputed claims.

Should the Court grant the Motion, the Movant asks that the stay in Rule 4001(a)(3) be waived, in order to permit the litigation to proceed without further delay.

**C. CONCLUSION.**

For the reasons stated above, the Movants ask the Court to enter an order lifting the automatic stay for cause, pursuant to § 362(d)(1), to permit them to move forward against all Defendants with respect to the pending state court lawsuit.

MOTION FOR RELIEF FROM STAY - Page 6 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 21-10092-TWD    Doc 53    Filed 03/22/21    Ent. 03/22/21 13:16:51    Pg. 6 of 7

A proposed order is attached.

DATED March 18, 2021.

                          WENOKUR RIORDAN PLLC

                          */s/ Alan J. Wenokur*

                          _____
                          Alan J. Wenokur, WSBA # 13679
                          Attorney for Rahul and Brandi Grewal

MOTION FOR RELIEF FROM STAY - Page 7 of 7

**WENOKUR RIORDAN PLLC**
ATTORNEYS AT LAW
600 STEWART STREET, SUITE 1300
SEATTLE, WASHINGTON 98101
206.682.6224 (WENOKUR)
206.903.0401 (RIORDAN)

Case 21-10092-TWD    Doc 53    Filed 03/22/21    Ent. 03/22/21 13:16:51    Pg. 7 of 7